Manuel Luis Ramirez, Esq. (SBN 103054)
THE RAMIREZ LAW FIRM
185 West F Street, Suite 100
San Diego, California 92101
Email:        mlr@ramirez-lawfirm.com
Telephone:    (619) 630 - 8382
Facsimile:    (619) 342 - 7597

Attorney for Plaintiff, David Canez

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAVID CANEZ**, an individual;<br><br>    Plaintiff,<br><br>    v.<br><br>**DEPARTMENT OF HOMELAND SECURITY**, a federal executive department; **CHAD WOLF**, Secretary of the Department of Homeland Security, in his official capacity; **DHS OFFICE OF INSPECTOR GENERAL,** a subordinate agency of the Department of Homeland Security; **JOSEPH CUFFARI,** Inspector General of the Department of Homeland Security, in his official capacity; **JAMES BEAUCHAMP**, Supervisory Special Agent in Charge at the Office of Inspector General, in his official capacity; **MICHELE KENNEDY,** Deputy Assistant Inspector General for Investigations at the Office of the Inspector General, in her official capacity; and **ANDREW OOSTERBAAN**, Assistant Inspector General for Investigations at the Office of the Inspector General, in his official capacity;<br><br>    Defendants. | Case No.:    **'20 CV 2401 BAS MDD**<br><br>**COMPLAINT ALLEGING:**<br><br>**1)    DISCRIMINATION ON THE BASIS OF RACE IN VIOLATION OF 42 U.S.C. § 2000(E) ET SEQ;**<br><br>**2)    VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967; 29 U.S.C. § 621; AND**<br><br>**3)    HOSTILE WORK ENVIRONMENT IN VIOLATION OF 42 U.S.C. § 2000(E) ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1.      Plaintiff, David Canez ("Mr. Canez" or "Plaintiff") is an Assistant Special Agent in Charge ("ASAC") with the Department of Homeland Security ("DHS") Office of Inspector General ("OIG") in San Diego, California. Mr. Canez is a Hispanic male over the age of 50.

2.      Mr. Canez alleges Defendants engaged in workplace discrimination on the basis of age, race, and sex, as he was passed over three different times for a Special Agent in Charge ("SAC") position in April 2016 and once for a supervisory criminal investigator in October 2016. Mr. Canez also alleges actions taken by Defendant James Kirk Beauchamp ("Mr. Beauchamp") on November 15, 2016 constituted a hostile work environment after Mr. Canez met with Mr. Beauchamp in Mr. Beauchamp's office to discuss performance ratings, and after a heated verbal exchange, Mr. Beauchamp eventually ordered Mr. Canez out of the building, following him to his office and threatening to call security if he did not comply.

3.      Mr. Canez filed an Individual Complaint of Employment Discrimination ("Individual Complaint"), Case No. HS-HQ-00097-2017, on January 30, 2017. A Report of Investigation ("ROI") of the alleged workplace discrimination and hostile work environment was subsequently undertaken and signed off by Investigator Debby Wheeler on January 25, 2018.

## PARTIES

4.      Mr. Canez is, and at all relevant times has been, an individual residing in the state of California.

5.      At all times relevant to this action, the Secretary of the Department of Homeland Security was Jeh Charles Johnson. Presently, Defendant Chad Wolf ("Mr. Wolf") is the Secretary of the Department of Homeland Security, and is now sued in his official capacity.

6.      At all times relevant to this action, the Department of Homeland Security Inspector General was John Roth. Presently, Defendant Joseph Cuffari ("Mr. Cuffari") is the Inspector General for the Department of Homeland Security, and is now sued in his official capacity.

7.      At all times relevant to this action, Defendant Mr. Beauchamp is and was the Special Agent in Charge ("SAC") at the OIG, and is sued his official capacity. Mr. Beauchamp is a White male over the age of 50.

COMPLAINT

8.    At all times relevant to this action, Defendant Michele Kennedy ("Ms. Kennedy") is and was the Deputy Assistant Inspector General for Investigations ("DAIGI") at the OIG, and is sued in her official capacity. Ms. Kennedy is a White female over the age of 50.

9.    At all times relevant to this action, Defendant Andrew Oosterbaan ("Mr. Oosterbaan") is and was the Assistant Inspector General for Investigations ("AIGI") at the OIG, and is sued his official capacity. Mr. Oosterbaan is a White male over the age of 50.

## JURISDICTION AND VENUE

10.    Jurisdiction is proper in this Court under federal question jurisdiction pursuant to 28 U.S.C. § 1331.

11.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

12.    All required conditions precedent required under Title VII (42 U.S.C. §2000e et seq.) have been exhausted and/or performed by Mr. Canez prior to the filing of this Complaint: 1) Mr. Canez filed an Individual Complaint of Employment Discrimination on January 20, 2017 with the U.S. Equal Employment Opportunity Commission (hereinafter "EEOC"), within 300 days of the date of the adverse actions for which recovery is sought that is complained of herein; 2) Upon adjudication of the EEOC matter, the DHS Office for Civil Rights and Civil Liberties issued a "Final Order", issued September 10, 2020, which articulated Mr. Canez's right to file a civil action in this Court within 90 days of receipt of the Final Order. Receipt the Final Order occurred on September 14, 2020. Therefore, this suit is timely filed within the 90 days allowed from the receipt of the Final Order.

## FACTUAL ALLEGATIONS

13.    Mr. Canez has been employed at the San Diego Field Office ("SDFO") since January 2011. When Mr. Canez first arrived, an individual by the name of Dennis McGunagle (White, Male, Age 40+) was the SAC and Mr. Canez's first-line supervisor. While under Mr. McGunagle's supervision, Mr. Canez was recommended for the Lead Criminal Investigator at the SDFO, and ultimately promoted to his current position of ASAC. During Mr. McGunagle's time at SDFO, Mr. Canez consistently received the highest annual performance rating ("Achieved Excellence"). When Mr. McGunagle left the SDFO in March 2015, Mr. Canez became the acting SAC and continued this role until December 13, 2015.

14.      From April 2016 through December 2016, Mr. Beauchamp served as Mr. Canez's first-line supervisor, Ms. Kennedy was Mr. Canez's second-line supervisor, and Mr. Oosterbaan was Mr. Canez's third-line supervisor.

15.      While Mr. Beauchamp served as Mr. Canez's first-line supervisor, Mr. Beauchamp demonstrated prejudice towards Latino employees by way, of among other things, directing Mr. Canez to lower the annual performance ratings of several of Mr. Canez's Latino subordinates while increasing the annual performance rating of one of Mr. Canez's White subordinates.

16.      On November 17, 2016, Mr. Canez himself received a lowered annual performance rating for the fiscal year of 2016 (which encompassed the time period between October 1, 2015 through September 30, 2016). Despite Mr. Canez's lack of performance deficiencies and with no mention of any issues during his mid-year review with Defendant Beauchamp, he was nonetheless issued a score of 3.67 "Achieved Expectations." During the evaluation, the rating official, Defendant Beauchamp, subjected Mr. Canez to derogatory, inaccurate, and false comments. After an appeal to Human Resources, Defendant Beauchamp changed the rating language and amended the evaluation, but left the overall rating as "Achieved Expectations." Given Mr. Canez's prior work performance, Mr. Canez contends Defendant Beauchamp discriminated against him with the issuance of an undeservingly low performance rating.

a.       <u>Workplace Discrimination.</u>

17.      Mr. Canez applied for the first SAC position, listed under Vacancy Announcement Number ("VAN") OG-2016-1544377, between November 2, 2015 and November 16, 2015. He received an in-person interview from a panel consisting of Defendant Kennedy and SACs Jay Donly (White, Male, Age 50+) and Paul Leonard (White, Male, Age 50+). The panel asked him standard questions and the interview went well overall. Mr. Canez received no feedback on the interview. Mr. Canez was contacted on April 6, 2016 by Defendant Oosterbaan notifying him that Javy Pedroza (Hispanic, Male, Age Unknown) was selected for the position.

18.      Mr. Canez applied for the second SAC position, listed under VAN OG-2016-1559475, between November 25, 2015 and December 9, 2015. He received an in-person interview from a panel consisting of Defendants Beauchamp and Kennedy, along with another SAC named Steve Marquette

(White, Male, Age 50+). During this interview, Defendant Beauchamp made personal inquiries of Mr. Canez, such as whether he was familiar with his staff and their family members, before all three panelists eventually turned to standard interview questions. Mr. Canez received no feedback on the interview. Mr. Canez was contacted on April 18, 2016 by Defendant Oosterbaan, informing Mr. Canez that no one was selected for the position and that the vacancy would be reopened, but Defendant Oosterbaan did not offer an explanation as to Mr. Canez's non-selection for the position. When Mr. Canez did reapply upon the vacancy's reopening, he was again not selected.

19.     Mr. Canez applied for the third SAC position, listed under VAN OG-2016-1559774, between November 25, 2015 and December 9, 2015. He received a telephonic interview from a panel consisting of Defendant Kennedy and SACs John Tiano (White, Male, Age 50+) and Greg Null (White, Male, Age 70+, retired). The panel asked him standard questions and the interview went well overall. Mr. Canez received no feedback on the interview. Mr. Canez was contacted on April 6, 2016 by Defendant Oosterbaan notifying him that David Green (White, Male, Age Unknown) was selected for the position.

20.      Mr. Canez applied for a fourth position, Supervisory Criminal Investigator, listed under VAN OG-2016-1751706, between July 15, 2016 and July 29, 2016. He received an interview from a panel consisting of Defendants Beauchamp and Kennedy and SAC Jay Donly. The panel asked him standard questions and the interview went well overall, with Mr. Beauchamp stating Mr. Canez did a great job with the interview. On October 13, 2016, Mr. Canez was notified by Defendant Kennedy that Amanda Thandi (Indian, Female, Age 30+) was selected for the position.

21.     On October 17, 2016, Mr. Canez contacted an EEO counselor to initiate a formal EEO complaint regarding his non-selection of these positions.

///

b.     Hostile Work Environment.

22.     On November 15, 2016, Mr. Canez met with Defendant Beauchamp to discuss the performance ratings. Mr. Canez indicated to Defendant Beauchamp that he (Mr. Canez) had initiated a formal EEO complaint regarding his non-selection for the SAC positions described above and could not divulge specific details on the matter. Defendant Beauchamp then accused Mr. Canez of "baiting"

1   him, to which Mr. Canez insisted the contrary and maintained he wanted to discuss the performance

2   ratings.

3   23.    Mr. Canez and Defendant Beauchamp engaged in a discussion regarding Mr. Canez's

4   management style and mentoring style over his employees. This conversation eventually grew heated,

5   with Defendant Beauchamp raising his voice towards Mr. Canez and hurling insults. Eventually,

6   Defendant Beauchamp yelled at Mr. Canez to "get out of [Mr. Beauchamp's] office." When Mr.

7   Canez stood up to leave, Defendant Beauchamp also rose out of his seat, and proceeded to threaten

8   Mr. Canez by calling building security if Mr. Canez did not leave the building.

9   24.    Mr. Canez left Mr. Beauchamp's office to retrieve his personal belongings from his own

10  office. While he did so, Defendant Beauchamp followed Mr. Canez around the office while yelling

11  at him. This entire ordeal was witnessed by an employee working at the front of the office. After the

12  incident, Mr. Canez contacted Defendant Kennedy to report the incident.

13  **FIRST CAUSE OF ACTION**

14  (As Against All Defendants)

15  *Discrimination on the Basis of Race; 42 U.S.C. § 2000(e) et seq.*

16  25.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

17  26.    Mr. Canez alleges he was improperly passed over for the four vacancies as described in

18  paragraphs 17-20 based on his race.

19  27.    Mr. Canez alleges the four panels he interviewed with were composed of a majority White

20  individuals, with only one or two ethnic minorities on the panels. This occurred despite the availability

21  of Black and Hispanic panelists.

22  28.    Mr. Canez alleges that the Defendant's herein willfully and intentionally set up the panels in

23  such a racially discriminatory way as to ensure that he would not be selected.

24  29.    Mr. Canez is informed and believes the panel members were created and or selected by and/or

25  with input from Defendants Kirk Beauchamp, Michelle Kennedy and Andrew Oosterbaan.

26  30.    As a result of Defendants' conduct, Mr. Canez has been damaged in an amount to be

27  determined at trial.

28  **SECOND CAUSE OF ACTION**

COMPLAINT

(As Against All Defendants)

*Violation of Age Discrimination in Employment Act of 1967; 29 U.S.C. § 621*

31.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

32.     Mr. Canez alleges he was improperly passed over for the four vacancies as described in paragraphs 17-20 on account of his age.

33.     As a result of Defendants' conduct, Mr. Canez has been damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

(As Against All Defendants)

*Hostile Work Environment; 42 U.S.C. § 2000(e) et seq.*

34.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

35.     The November 15, 2016 incident with Defendant Beauchamp was a culmination of severe, pervasive, and ongoing offensive conduct based on Mr. Canez's race. Defendant Beauchamp has demonstrated a pattern of racial bias against Latino employees, specifically by way of ordering Mr. Canez to downgrade the annual performance ratings of Latino subordinates and making degrading comments about Latinos in the SDFO. Defendant Kennedy was contacted regarding the incident, but failed to take corrective action.

36.     Mr. Canez is informed and believes that it was after the November 15 incident with Defendant Beauchamp that Defendant Beauchamp downgraded his work performance which in turn caused him to lose an approximate $2,000.00 financial award.

37.     Further, there was an incident where a Latino agent was provided funds by a White agent for a witness who was testifying. The White agent had the Latino agent sign for the funds, which was the normal protocol. When the Latino agent had an opportunity to count the funds to give to the witness he learned that it was not the correct amount he has signed for. The Latino agent reported the discrepancy directly to Defendant Beauchamp. Defendant Beauchamp played down the incident and told the Latino agent that it was just a mistake. The Latino agent was upset because he could be disciplined or charged with embezzlement. .At the next rating period the White agent was upgraded by Defendant Beauchamp.

38.     Defendants exerted control over the conditions of Mr. Canez's work environment and had the ability to alter these conditions, yet remained complacent in the hostile work environment by failing to take corrective action.

39.     By the conduct described herein, Defendants created a hostile work environment for Mr. Canez in violation of the rights secured to him by Title VII, 42 U.S.C. § 2000(e). As a result of Defendant Beauchamp's unlawful conduct, Mr. Canez has suffered and continues to suffer from humiliation, shame, fear, and other emotional distress.

40.     As a result of Defendants' conduct, Mr. Canez has been damaged in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

Wherefore, Mr. Canez respectfully requests that this Court:

1.     For the sum of $750,000.00 or in an amount according to proof at trial;

2.     For costs of suit incurred;

3.     For attorney's fees;

4.     For other and such further relief as this Court may deem appropriate.

## **JURY DEMAND**

Plaintiff demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED: December 9, 2020                                    THE RAMIREZ LAW FIRM

                                                          /s      *Manuel Luis Ramirez*
                                                          Manuel Luis Ramirez, Esq.
                                                          Attorney for Plaintiff, David Canez

COMPLAINT